UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON D. FISHER,

    Plaintiff,

                                                          Civil Action No. 21-11600

v.

                                                          HONORABLE DENISE PAGE HOOD

FAITH MILLER SCHEINKMAN, et al.,

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT
PREPAYING FEES, TRANSFERRING THIS ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK AND CLOSING ACTION**

This matter is before the Court on Plaintiff Jason D. Fisher's Application to Proceed Without Prepaying Fees. A review of the application supports Plaintiff's claim of pauper status. The Court grants Plaintiff *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, the Court finds the Eastern District of Michigan is not the proper venue for this action.

Venue is proper in a judicial district in which "any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred ..." 28 U.S.C. § 1391(b)(1) and (2). A complaint filed in the wrong division or district court is properly dismissed without prejudice to plaintiff's right to refile the complaint in the proper district court, or, if it be in the interest of justice, transfer such case to any

district or division in which it could have been brought. *See* 28 U.S.C. § 1406(a); *Rodman v. Seiter,* 1989 WL 111620 *1, Case No. 89-3122 (6th Cir. Sept. 28, 1989). A district court has the power to sua sponte transfer the case to the proper district. *Cosmichorme, Inc. v. Spectra Chrome, LLC,* 504 F. App'x 468, 472 (6th Cir. 2012).

Plaintiff filed a 75-page unsigned Complaint against several defendants, none of whom reside in this District. ECF No. 1, PageID.12-13. Defendants' addresses cited in the Complaint are in New York or Connecticut. *Id.* The defendants, among others, include law firms, attorneys, judges, Plaintiff's ex-wife, Jennifer Lighter, and Plaintiff's in-laws. A review of the Complaint shows that the alleged claims and violations under the Racketeer Influenced & Corrupt Organization ("RICO") Act, 18 U.S.C. §§ 1961-1968, stem from divorce and child custody proceedings between Plaintiff and his ex-wife. The numerous claims and allegations involve child custody and medical insurance issues, the courts, court personnel, administrative and grievance proceedings, and theft of property, including Plaintiff's business documents. Plaintiff filed the Complaint in this District to have a "neutral party" decide the issues:

> Due to the complaints contained herein, a venue outside of New York State is requested. Many of the complaints are a direct result of the Enterprise which is part of the New York Judicial System as well as practices and procedures within New York that defy Constitutional Law. It should be noted that appeals and complaints to regulatory, judicial, and investigative agencies in the State of New York have already been performed repeatedly in writing by the

> Plaintiff.  The Plaintiff attempted to file complaints, report crime, and submit evidence but the State has not responded nor taken action.  It should also be noted that the Defendants and Enterprise itself have made attempts to undermine the integrity of the Plaintiff's claims via obstruction and falsification to weaken his ability to file an action.  Second, the triangular relationship of lawyer Faith Miller Scheinkman as spouse to Judge Scheinkman and the NY Court (Enterprise) is well known in New York State and has occurred without any material actions by the state to prevent conflicts of interest.  Thus, the stature of Judge Scheinkman within the State of NY has allowed this relationship within the Enterprise to remain unquestioned despite the financial interest that Judge Scheinkman has in Miller Scheinkman's firm.  Simply put, Faith Miller Scheinkman practiced law within her husbands district and has undue influence over the Enterprise.  Likewise, the husband and wife both benefit from her firm's financial income derived from judgments and performance within the Enterprise. Third, the Plaintiff identified and presented crimes of Faith Miller Scheinkman and related parties to the Enterprise that negatively affected his action and rights.  The Enterprise, instead of investigating and preventing, acted as a protectorate of the Defendants and further allowed for further unwarranted crimes against the Plaintiff to occur as demonstrated herein.  As such, the claims herein pose a significant liability to the State of New York and/or its agencies; any remediation should be determined by a neutral party outside of the State of New York venues and all related matters should be resolved outside of the State of New York.

(ECF No. 1, PageID.11)

Plaintiff is proceeding *pro se*.  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S.

519 (1972).  However, *pro se* litigants are not excused from failing to follow basic procedural requirements.  *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).  Plaintiff is required to follow the rules governing the venue where his action should proceed.  The Eastern District of Michigan is not the proper venue for this action.  Based on the allegations in the Complaint, the proper venue is with the Southern District of New York.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Jason D. Fisher's Application to Proceed Without Prepaying Fees or Costs **(ECF No. 3)** is GRANTED.

IT IS FURTHER ORDERED that the action is TRANSFERRED to the United States District Court for the Southern District of New York (New York Division) and designated as CLOSED on the docket of the Eastern District of Michigan.

IT IS FURTHER ORDERED that any appeal from this Court's Order is frivolous and not taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

Dated: September 9, 2021         <u>s/Denise Page Hood</u>
                                 United States District Judge